# TEXAS COMPANY·

*v.*

# GARRABRANDT.

---

San Juan, Law, No. 1204.

MOTION TO QUASH SERVICE.

**Procedure—Contents of Summons.**

1. The initial proceeding in Federal courts of law are governed by §§ 911–913 of the Revised Statutes, providing that the writ shall issue to the marshal, and not by the provisions of the local Code of Civil Procedure.

Texas Co. v. Garrabrandt.

Same—Place of Service.
2. The return of the marshal that he served the writ on the defendant personally at San Juan in this judicial district is sufficient.

Opinion filed February 19, 1918.

Mr. *O. B. Frazer* for plaintiff.

Mr. *H. R. Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. In this case the defendant has appeared specially for the purpose of a motion to quash service. The grounds of the motion are that the summons does not conform to § 89 of the Code of Civil Procedure of Porto Rico, in that the summons is directed to the marshal, and not to the defendant, does not give notice to the defendant of the result of his failure to appear, and does not state the name of plaintiff's attorney. The initial proceedings in the Federal courts of law are governed by §§ 911–913 of the Revised Statutes, Comp. Stat. 1916, §§ 1534–1536, which provide that the writ shall issue to the marshal. This would override any local provision. Moreover, the points raised are res judicata in this court as not matters of substance. Fuentes v. Maldonado, 7 Porto Rico Fed. Rep. 77. And in addition, the forms used in this case are those which have been employed in this court time out of mind, and should not at this late date be disturbed unless for some fatal defect, which does not appear. In point of fact the defendant receives in one form or other from the summons in

Texas Co. v. Garrabrandt.

question practically all the information which even the local statute requires.

2. A further point raised is that the return of the marshal does not state the place of service. This seems to be an error, as the return says that the marshal served the writ on the defendant "personally at San Juan in said district," nor is the point argued by the defendant.

It follows the motion to quash must be denied.

It is so ordered.